## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SHORE MEDIA & MARKETING LTD
LIABILITY CO. d/b/a SHORE NEWS
NETWORK,

           Plaintiff,

   v.

TOWNSHIP OF TOMS RIVER, and
THOMAS NIVISON and DAVID
CICCOZZI, in their personal
capacities,

           Defendants.

Civil Action No.  3:26-cv-06206

**CERTIFICATION OF MARC J.
RANDAZZA IN SUPPORT OF MOTION
FOR ADMISSION *PRO HAC VICE***

I, Marc J. Randazza, hereby certify as follows:

1. I am the managing partner of Randazza Legal Group, PLLC, counsel for Plaintiff in the above-captioned action.

2. I am admitted to the state and federal bars as set forth in **Exhibit 1**. I am qualified and licensed to practice before the same.

3. L. Civ. R. 101.1(c) requires this certified statement disclose any disciplinary history within the last 5 years. I have been disciplined as follows:

4. I have not been the subject of original discipline within the last 5 years, but I did receive reciprocal discipline in that timeframe, arising from 2018 discipline by the Supreme Court  of Nevada for conduct that occurred in 2012. *See* **Exhibit 2**, *In re Marc J. Randazza*, Bar No.  12265, No. 76543 (Nev. Oct. 10, 2018) (Order Approving Conditional Guilty Plea) and **Exhibit 3**

(Conditional Guilty Plea). The stipulated and implemented discipline was a twelve-month suspension, stayed for eighteen months, with certain other conditions. **Exhibits 2 & 3**. All

rehabilitative conditions were met.

- 1 -

Certification of Marc J. Randazza

5. I stipulated to the imposition of discipline by the State Bar of Nevada and was subsequently subjected to reciprocal discipline for conduct that occurred more than ten years ago.

6. The Nevada discipline arose from a negotiated agreement between me and the Southern Nevada Disciplinary Board. The stipulated facts forming the basis of the discipline are as set forth in the enclosed Conditional Guilty Plea.

7. As set forth in the Conditional Guilty Plea, the discipline arose from a specific circumstance where I represented a company as in-house counsel, along with its sister entity. Those circumstances will not repeat themselves as I am not in-house counsel for any clients, and I now recognize where I misunderstood my ethical obligations.

8. I fully complied with the discipline imposed by the State of Nevada and completed my Nevada probation. *See* **Exhibit 4**, Letter from the State Bar of Nevada. 9. Reciprocal discipline of probation or stayed suspension was imposed by the U.S. District Courts for the District of Massachusetts and for the Southern District of Florida (which probation expired before the discipline issued), and by the U.S. Patent & Trademark Office (the "USPTO"). *See* **Exhibits 5, 6, and 7**. The District of Massachusetts terminated proceedings on June 23, 2020, without imposing a suspension. *See* **Exhibit 8**. The discipline imposed by the USPTO expired on January 23, 2021.

10. Reciprocal discipline in the form of a brief active suspension was imposed by the U.S. District Court for the District of Nevada, which expired on April 10, 2020. *See* **Exhibit 9**. I was reinstated on June 9, 2020. *See* **Exhibit 10**.

11. The last jurisdiction to enter reciprocal discipline was Florida, which instead of

merely adopting the underlying Nevada stipulated discipline, engaged in its own full fact-finding and issued an independent opinion after a bench trial. The Florida Referee's decision is attached

- 2 -
Certification of Marc J. Randazza

as **Exhibit 11**. The factfinder determined that I did not do anything "actually adverse" to my clients. *Id*. at 6. And there were no "factors in aggravation warranting any discipline in excess of that imposed by Nevada." *Id*. at 8.

12. Every other state court, federal court, or federal agency to issue a determination in response to the Nevada state discipline has either declined to take action, stayed all proceedings, issued a stayed suspension or probation, or has readmitted me.

13. I am aware of no other matters in which I have been sanctioned or disciplined. 14. It is my understanding of the rule that my obligation to make disclosure only applies to discipline and not to the outcome of *pro hac vice* applications. However, I would like to voluntarily disclose adverse *pro hac vice* application determinations as well. I was denied *pro hac vice* admission in Connecticut and Texas while the above matters were still fresh. 15. I was denied *pro hac vice* admissions in the District of New Hampshire and the Southern District of New York while I had a pending unrelated complaint, but that complaint was dismissed without any discipline on February 1, 2024.

16. I shall notify the Court immediately upon any matter affecting my standing at the bar of any other court.

17. I have acquired a copy of the Local Rules of this Court and am generally familiar with those Rules. I shall abide by all applicable rules of this Court including all disciplinary rules, as a continuing condition of admission.

18. All pleadings, briefs, and other papers filed with the Court shall be signed by an

attorney of record authorized to practice before the United States District Court for the District of

New Jersey, who shall be responsible for the conduct of the case and of the undersigned.

- 3 -

Certification of Marc J. Randazza

I hereby certify that the foregoing statements by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 28, 2026. /s/ Marc J. Randazza

Marc J. Randazza
Randazza Legal Group, PLLC
 30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

- 4 -
Certification of Marc J. Randazza