# BARKER, GELFAND, JAMES & SARVAS

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

***Atlantic County Office:***
210 New Road
Linwood Greene – Suite 12
Linwood, New Jersey 08221
(609) 601-8677
(609) 601-8577 – Telefax

A. MICHAEL BARKER *
TODD J. GELFAND **
VANESSA E. JAMES **+
JEFFREY P. SARVAS

GREG DILORENZO
ADAM E. BARKER

***Burlington County Office:***
1 Eves Drive, Suite 111
Marlton, New Jersey 08053
(609) 601-8677
(609) 601-8577 – Telefax
E-Mail:
TGelfand@BarkerLawFirm.net
*By Appointment Only*

***Gloucester County Office:***
91 Circle Avenue
Pitman, New Jersey 08071
(856) 244-1854
Email: VJames@BarkerLawFirm.net
*By Appointment Only*

* CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
** LICENSED TO PRACTICE IN PENNSYLVANIA
+ ASSOCIATION OF WORKPLACE INVESTIGATORS – CERTIFICATE HOLDER

Website: www.barkerlawfirm.net
e-mail: TGelfand@BarkerLawFirm.net

**PLEASE REPLY TO**

**ATLANTIC COUNTY OFFICE**

October 27, 2026

**VIA CM/ECF**
Honorable Robert Kirsch, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Shore Media & Marketing Ltd Liability Co. d/b/a Shore News Network v. Township of Toms River, Thomas Nivison, and David Ciccozzi;
Civil Action No. 3:26-cv-06206-RK-RLS
**Request to Adjourn Amended Default-Judgment Motion and Extend Time to Respond**

Dear Judge Kirsch:

I am counsel of record for the Township of Toms River. I respectfully request an adjournment of plaintiff's pending amended motion for default judgment (ECF No. 14), an extension of time to oppose that motion, and a schedule permitting an application to vacate the clerk's entry of default.

I request twenty-one days after entry of the Court's scheduling order to file the opposition and default-relief application, with plaintiff's reply and response due fourteen days thereafter, and an adjourned motion date thereafter as the Court directs. To the extent any applicable submission deadline has expired, I expressly request leave to submit the papers out of time.

I have requested plaintiff's counsel's consent to the adjournment and extension, but have not yet received a reply. I am submitting this request immediately upon discovering the miscommunication concerning what I had understood to be a settlement, rather than waiting for counsel's response while the motion remains pending. I will promptly advise the Court of plaintiff's position when counsel responds. This is not submitted as a consent application.

On July 13, 2026, I requested plaintiff's consent to vacate the clerk's July 9 entry of default and permit a response to the complaint. Plaintiff's counsel agreed on July 14. That agreement was not reduced to an entered order, and I do not suggest that it independently extended the deadline or remains binding. It does reflect that an intention to defend was communicated early in the matter.

The parties exchanged settlement communications during August through October 2026. On October 5, I advised plaintiff's counsel that I had spoken with the newly assigned adjuster and was seeking settlement approval. On October 12, I sought additional time for settlement efforts. On October 13, plaintiff's counsel advised that the renewed motion had been filed but expressed the expectation that the matter could be resolved before the Court ruled.

On October 15, I advised that settlement authority had been obtained; counsel responded that the proposed resolution was acceptable and subsequently discussed payment and closing arrangements. Those exchanges led me to understand that the matter had been resolved in principle and that the remaining work concerned approvals and completion of the settlement.

On October 26, 2026, the Township's Purchasing Agent confirmed that the invoices underlying the action had already been paid. Further review revealed a material difference between my understanding of how that payment related to the proposed settlement and plaintiff's understanding. I now recognize that the matter was not resolved on the basis I had understood and that defendants must proceed with their response and application for relief from default. I do not ask the Court to resolve the settlement disagreement through this scheduling request, and I do not suggest that the invoice payment itself disposes of the constitutional claims.

I recognize that settlement discussions did not themselves suspend the filing deadlines and that no order vacating default was entered. My failure to obtain an order and file a response while pursuing settlement was my responsibility. I believed that contested proceedings would needlessly increase defense costs in a matter that was being resolved; I was not seeking a tactical advantage or intending to disregard the Court's authority. I respectfully request the opportunity to explain the full chronology in a factual certification and to submit a proposed answer and supported defenses with the default-relief application.

Plaintiff's amended submission acknowledges receipt of the invoice principal on July 15, 2026. The requested extension will therefore not delay payment of that principal. It will permit a response to the substantial remaining demands, including personal punitive damages, attorney's fees, and prospective relief. I request that the Court defer disposition of the default-judgment motion until the opposition and application to vacate default have been submitted and considered, so that the request for default relief may be addressed before judgment is entered.

Thank you for the Court's consideration.

Respectfully submitted,

**BARKER, GELFAND, JAMES & SARVAS**
**A Professional Corporation**

By: s/ *Todd J. Gelfand*
Todd J. Gelfand, Esquire
Counsel for the
Township of Toms River

TJG/kar
cc: Vincent S. Verdiramo, Esq. (via CM/ECF)
Marc J. Randazza, Esq. (via CM/ECF)